IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JARRETT RUSSELL HAMPTON, #816800, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 3:06-CV-1965-L ECF |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal, Justice, Correctional Institutions Division Respondent. | ) ) ) ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Lvingston, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: Petitioner was charged in the 291st Judicial District Court of Dallas County, Texas, with two aggravated assaults with a deadly weapon, and two

aggravated robberies with a deadly weapon. *See* Nos. F98-00097, F98-00098, F97-18712 and F98-00096. He entered pleas of guilty in each cause to a jury, which in turn assessed punishment at twenty years' confinement for each of the aggravated assaults and sixty years' confinement for each of the aggravated robberies (Petition (Pet.) at 2). The Court of Appeals affirmed his convictions and sentences. *See Hampton v. State*, Nos. 05-98-00327-CR, 05-98-00328-CR, 05-98-00329-CR, 05-98-00330-CR (Tex. App. -- Dallas, Feb. 22, 2000, pet. ref.). On March 1, 2000, the Texas Court of Criminal Appeals (TCCA) refused his petitions for discretionary review. Nos. PD-0180-00, PD-0181-00, PD-0182-00, and PD-183-00, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=113315, 113316, 113317, and 113318.

Petitioner twice sought state habeas relief pursuant to art. 11.07, Texas Code of Criminal Procedure -- first on November 4, 1998 (A writs), and second on December 5, 2005 (B writs). On each occasion, Petitioner filed four writs, one for each of his convictions. (*See* Attachment I). On February 10, 1999, the TCCA denied the A writs without written order on the trial court's findings without hearing. *See Ex parte Hampton*, WR-39,930-01, http://www.cca.courts.state.tx.us/opinions/HTMLOpinionInfo.asp?OpinionID=13696.[1]

On March 8, 2006, upon receiving Petitioner's B writs, the TCCA reconsidered the A writs on its own motion, and found that they should have been dismissed under art. 11.07, § 3(a)-(b), because Petitioner's convictions were not final at the time they were filed. *See Ex parte Hampton*, WR-39,930-01, http://www.cca.courts.

---

[1] The TCCA combined all the A writs under one case number.

state.tx.us/opinions/HTMLOpinionInfo.asp?OpinionID=13696.  Thereafter on June 28, 2006, the TCCA denied the B writs without written order on the trial court findings without a hearing.  *See Ex parte Hampton,* WR-39,930-03 through -06, http://www.cca. courts.state.tx.us/opinions/Case.asp?FilingID=241009, 241043, 241109, and 24110.

In this federal petition, filed on October 25, 2006, Petitioner alleges the trial court erred in not giving the requested jury instructions, trial counsel rendered ineffective assistance when he failed to present any mitigating evidence, and the prosecutor knowingly used perjured testimony.[2]

Findings and Conclusions:   The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2244(d).  The District Court may raise the affirmative defense of the statute of limitations *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[3]

---

[2]   For purposes of this recommendation, the petition is deemed filed on October 20, 2006, the date Petitioner signed it and presumably placed it in the prison mail.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[3]   On November 16, 2006, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds.  Petitioner filed his response to the court's show cause order on December 22, 2006.

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's convictions became final for purposes of the one-year period on May 30, 2000, ninety days after March 1, 2000, when the TCCA refused his petitions for discretionary review. *See* Sup. Ct. R. 13.1, 13.3 (2007); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). The one-year period began to run on May 31, 2000, the day after his convictions became

4

final, *see Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998), and expired on May 30, 2001.

The AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Statutory tolling under the above provision is inapplicable in this case. Petitioner filed his A writs before the one-year statute of limitations began to run, and his B writs long after the one-year period expired. Hence, neither set of art. 11.07 applications could have tolled the one-year limitations period. *See Larry v. Dretke*, 361 F.3d 890, 893-95 (5th Cir. 2004) (art. 11.07 application filed *before* issuance of mandate by state court of appeals was *not* "properly filed" and, thus, could not toll the one-year limitations period), *cert. denied*, 125 S.Ct. 141 (2004); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (art. 11.07 application filed *after* limitations period had expired did not toll limitations period).[4]

Petitioner contends "that even though his writ of habeas corpus was filed after the one-year limitation[s] period, 28 U.S.C. § 2254(d)(1) gives a habeas court power to grant the writ if petitioner satisfies the clauses shown in 28 U.S.C. § 2254(d)(1)." (Pet's

---

[4] It appears Petitioner also filed a request for mandamus relief, which the TCCA construed as a motion for leave to file a petition for writ of mandamus. *see Ex parte Hampton,* No. WR-39,930-02. Regardless of the reason for seeking mandamus relief, this request did not statutorily toll the limitations period. *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002) (state court mandamus application requesting that trial court be directed to rule on state habeas application was not an application for collateral review with respect to prisoner's conviction, and thus did not toll one-year limitations period).

Response to Show Cause Order at 4). This argument is wholly unsupported and patently frivolous. The one-year statute of limitations must be considered in all instances before a court can review a habeas petition on the merits under § 2254(d)(1). Therefore, the federal petition, which was filed more than five years after the one-year period elapsed, is clearly time barred.

In response to the order to show cause, Petitioner does not request equitable tolling of the limitations period. Nevertheless, his pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). Nor do they establish that Petitioner diligently pursued his rights. *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). It is now well established that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

This is not a case in which the petitioner was unaware that the state application was premature until *after* the running of the one-year period. *See Morrison v. Dretke*, 2004 WL 2870060, No. 2:03-CV-0442 (N.D. Tex., Amarillo Div., Dec. 13, 2004) (holding petitioner was entitled to equitable tolling because he was not put on notice that his first state habeas application was deficient until it was returned by the county district clerk after the one-year statute of limitations had expired). As a matter of fact, the TCCA denied the A writs without written order on the trial court's findings during the pendency of Petitioner's direct criminal appeals. Only after Petitioner filed his B writs, the TCCA

reconsidered the denial of the A writs on its own motion, and decided that they should have been dismissed because his convictions were not yet final.

Moreover, Petitioner's own allegations reflect that this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling.  *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000).  As noted above, Petitioner prematurely filed his A writs, and unduly delayed (by approximately four and one-half years) the filing of his B writs.  Petitioner's lack of due diligence did not end here.  Upon receiving notice that his B writs had been denied on June 28, 2006, he did not immediately file this federal petition.  Rather he waited for an additional 114 days before mailing the same.  These delays – clearly of Petitioner's own making – do not constitute rare and extraordinary circumstances warranting equitable tolling.  *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition rendered the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003).  "There is no reason to distinguish between delay that occurs before the filing of a state petition and delay that occurs afterwards."  *Basalo*, 2003 WL 21653864, *4.  It is well established that "equity is not intended for those who sleep on their rights.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court DISMISS the habeas corpus petition as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

A copy of this recommendation will be transmitted to Petitioner.

Signed this 20th day of February, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**